UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ACCESS FOR THE DISABLED, INC.
ROBERT COHEN, and PATRICIA KENNEDY

    Plaintiffs,

vs.

UNIVERSITY CROSSINGS FIVE, LLC and
UNIVERSITY CROSSINGS SEVEN, LLC

    Defendants.

_____/

## INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiffs, ACCESS FOR THE DISABLED, INC., ROBERT COHEN, and PATRICIA KENNEDY (Collectively "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint against Defendant, UNIVERISTY CROSSINGS FIVE, LLC and UNIVERISTY CROSSINGS SEVEN, LLC (hereinafter "Defendant") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

## PARTIES

2.  Plaintiffs, ROBERT COHEN and PATRICIA KENNEDY are residents of the State of Florida and this judicial district, are *sui juris*, are disabled as defined by the ADA, and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiffs use wheelchairs for mobility purposes. Plaintiffs' access to the property owned by Defendants was curtailed and denied as a result of barriers to access in violation of the ADA. Plaintiffs travelled to a restaurant located in Defendants' property commonly referred to as Bombay Grill located at 4465 University Drive, Lauderhill, FL 33351. ("the Facility") Plaintiffs attempted to access the restaurant and property but was unable to enjoy the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

3.  In November of 2011, Plaintiffs ROBERT COHEN and PATRICIA KENNEDY visited the Facility and Property as a customer, purchased food, sat in the Facility, attempted to utilize the restroom facilities.

4.  Plaintiffs intend to visit the Facility and Property in six months to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Facility. Plaintiffs live in the vicinity of the Facility and Property, have visited the Facility and Property at least once before and intend on visiting the Facility Property within the next six months as soon as the Facility and Property is accessible again.

5. In this instance, Plaintiffs, ROBERT COHEN and PATRICIA KENNEDY in their individual capacity and as members and testers for ACCESS FOR THE DISABLED, INC., travelled to the Facility and Property as customers, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

6. ACCESS FOR THE DISABLED, INC. is a non-profit Florida corporation. Plaintiffs are members of this organization. This organization's purpose is to, among other things, represent the interest of its members and other persons with disabilities by assuring that places of public accommodation are accessible to and usable by individuals with disabilities. Plaintiffs, and other persons with disabilities, have suffered and/or will suffer direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to remove the physical barriers to access and comply with ADA requirements.

7. Defendant, University Crossings Five, LLC is a Florida Limited Liability Company and transacts business in the State of Florida and within this judicial district. Its partially owns and/or operates the shopping center located at 4451 N. University Drive, Lauderhill, Florida 33351 (referred to as the "Property). The Facility known as Bombay Grill is located on the Property.

8. Defendant, University Crossings Seven, LLC is a Florida Limited Liability Company and transacts business in the State of Florida and within this judicial district. Its partially owns and/or operates the shopping center located at 4451 N. University Drive, Lauderhill, Florida 33351 (referred to as the "Property). The Facility known as Bombay Grill is located on the Property.

## FACTUAL ALLEGATIONS AND CLAIM

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq*.

10. Congress found, among other things, that:

    (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

    (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

        (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

12. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

13. The Facility and Property is a public accommodation and service establishment.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq*., and 28 C.F.R. §36.508(a).

15. The Facility and Property must be, but is not, in compliance with the ADA and ADAAG.

16. Plaintiffs have attempted to and have, to the extent possible, accessed the Facility and Property in their capacity as customers of Bombay Grill, but could not do so because of their respective disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit their access to the

Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17.     Plaintiffs and members of ACCESS FOR THE DISABLED, INC. intend to visit the Facility and Property again in the very near future as customers in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at these Facility and Property, but will be unable to do so because of their disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18.     Defendants have discriminated against Plaintiffs and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiffs.

19.     Defendants have discriminated against Plaintiffs by failing to comply with the above requirements. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiffs' ability (because of their disability) to access the

Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**RESTROOMS AT BOMBAY GRILL:**

a. Restrooms lack sufficient clear floor space to permit turns by persons using wheelchairs. See ADAAG 4.13.5 and/or 4.13.6

b. The size and arrangement of toilet stalls is in violation of ADAAG 4.17.3 and Figure 30(a).

c. Faucets in restrooms sinks do not comply with ADAAG 4.24.7, 4.19.5 and 4.27.4 in that they require grasping and/or punching to operate.

d. Hot water pipes under lavatories are not insulated in violation of ADAAG 4.19.4.

e. There are no signs which designate disabled restroom facilities and therefore fail to comply with ADAAG 4.30.4, 4.30.5, and 4.30.6.

f. The door to the restroom lacks an adequate minimum clear opening of 32 inches in violation of ADAAG 4.13.

**ACCESSIBLE ELEMENTS**

a. The Facility lacks an accessible route, or in the alternative, the width of the accessible route is inadequate and therefore in violation of ADAAG 5.3, 4.3.2 & 4.3.3

b. There is not a continuous path of travel connecting all essential elements of the restaurant in violation of sections 4.3.1 and 4.3.2 of the ADAAG.

c. Counters in the Facility where financial transactions occur are in excess of 36 inches in height in violation of section 7.2(1) of the ADAAG.

    d.    The threshold at the front entrance door exceeds ½ and are not properly beveled in violation of Section 4.13.8 of the ADAAG.

    e.    The ramp leading from the disabled parking spaces to the entry of the Facility is not flush with the leveled surface at the top of the ramp.

    f.    The ramp leading from the disabled parking spaces to the accessible entrances of the property has vertical rises in excess of ¼ inch in violation of section 4.5.2 of the ADAAG.

20.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility and Property.

21.    Plaintiffs have attempted to gain access to the Facility and Property in their capacity as customers, but because of their disability have been denied access to, and have been denied the benefits of services, programs and activities of the Facility and Property, and have otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiffs' disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

22.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

23.    Plaintiffs are without adequate remedy at law, are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until

Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

24. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117.

25. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiffs, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiffs respectfully request that this Court issue a permanent injunction enjoining Defendants from continuing its discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiffs their reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 8th day of December, 2011.

/s/ Douglas S. Schapiro

Douglas S. Schapiro, Esq.
Fla. Bar #54538
The Schapiro Law Group, P.L
Attorney for Plaintiffs
7050 W. Palmetto Park Road
Suite 15-271
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com