UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62605-CIV-ROSENBAUM/SELTZER

ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN, and PATRICIA KENNEDY,

        Plaintiffs,

v.

UNIVERSITY CROSSINGS FIVE, LLC,
and UNIVERSITY CROSSINGS SEVEN, LLC,

        Defendants.
_____/

## ORDER TO SHOW CAUSE

This matter is before the Court on an independent review of the record. On June 22, 2012, Plaintiffs Access for the Disabled, Inc.; Robert Cohen, and Patricia Kennedy filed their Response to Order to Show Cause, in which they stated that on June 7, 2012, the parties had "arrived at the basic terms of a settlement agreement and hope[d] to submit a consent decree shortly for the Court's approval." D.E. 48 at ¶¶ 1-2. On July 11, 2012, the Court held a status conference. During the status conference, counsel for Plaintiffs and Defendants advised that they had reached a settlement, and Defendants believed that they had agreed to a settlement of the Crossclaim with one Cross-Defendant and expected to seek default judgments with respect to the remaining Cross-Defendants. Defendants explained, however, that they were still working out details with Cross-Defendants. The Court set a deadline of July 20, 2012, for Defendant to file any appropriate motions for Clerk's entry of default and a deadline of July 25, 2012, to file a proposed consent decree. No proposed consent decree has been filed to date.

On July 20, 2012, Defendants filed motions for Clerk's entry of default against four of the six Cross-Defendants. *See* D.E. 55, D.E. 56, D.E. 57, D.E. 58. Defendants also filed a Notice of Filing Correspondence from Cross-Defendant Nuruddin Kassim [D.E. 59]. The Court issued a Notice on July 24, 2012, indicating that if Cross-Defendant Kassim wished to proceed *pro se* in this case, she, herself or through an attorney, must file documents in the Court record and directing Defendants to serve the Notice on Cross-Defendant Kassim. [D.E. 60]. In addition, the Court instructed Defendants to file an executed summons setting forth the date of service of the Crossclaim on Cross-Defendant Kassim. *See id.* Also on July 24, 2012, the Clerk issued defaults against the four Cross-Defendants for whom Defendants had sought Clerk's entries of default. *See* D.E. 61, D.E. 62, D.E. 63, D.E. 64.

On July 25, 2012, Defendants filed a Notice of Compliance with the Court's July 24, 2012, Order, indicating that Defendants had served Cross-Defendant Kassim with the Court's July 24, 2012, Order. *See* D.E. 66. The same day, Defendants moved for entry of Clerk's default as to Cross-Defendant Kassim, attaching a copy of the executed service of summons, which reflected a service date of May 12, 2012. *See* D.E. 65. The Clerk entered default against Kassim on August 16, 2012. *See* D.E. 67.

In light of the foregoing facts, the parties shall take one or more of the following actions by **August 22, 2012**:

1. Defendants may elect to file motions for default judgment against the five Cross-Defendants against whom the Clerk has entered default;

2. The parties may stipulate to dismissal;

3. The parties may submit a proposed consent decree;

4. If any aspect of this case has not been resolved, the parties shall file a joint status report setting forth what remains to be done in this case.

***Failure to take at least one of these actions by August 22, 2012, may result in the dismissal of this case for failure to comply with the Court's instructions and failure to prosecute***.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 16th day of August 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record